

NUMBER 13-14-00447-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

JAMES FRAZIER,                                                              Appellant,

v.

GNRC REALTY, LLC,                                                           Appellee.

### On appeal from the 135th District Court
### of Jackson County, Texas.

# O P I N I O N

### Before Justices Benavides, Perkes, and Longoria
### Opinion by Justice Benavides

This is an interlocutory appeal from the trial court's denial of an architect's motion

to dismiss under Texas Civil Practice and Remedies Code section 150.002 for lack of a

certificate of merit. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(f) (West, Westlaw

through 2013 3d C.S.) (authorizing immediate interlocutory appeal from an order denying a motion to dismiss under section 150.002). By one issue,[1] appellant James Frazier argues the trial court should have dismissed appellee GNRC Realty LLC's ("GNRC") lawsuit for failure to timely file a certificate of merit. GNRC argues that Frazier waived its right to a certificate of merit. We affirm.

## I. BACKGROUND

GNRC contracted with Antlers Construction, a/k/a Antlers Corporation ("Antlers") for the construction of the Ganado Nursing and Rehabilitation Center ("Nursing Facility"). Antlers hired Frazier to design the Nursing Facility. Capt & Smart Consulting Engineers, Inc. ("Capt & Smart") was hired to design the heating, ventilation, and air conditioning ('HVAC") for the Nursing Facility, and Dale Williams d/b/a Quality Air Heating and Air Conditioning ("Quality Air") was hired to build and install the HVAC system. Approximately three months after substantial completion of the Nursing Facility, the parties learned that there was allegedly negative air pressure in the building caused by a

---

[1] Frazier's original appeal included another issue: the trial court's denial of appellee Dale Williams d/b/a Quality Air, Heating and Air Conditioning's ("Quality Air's") cross-claim for failure to file a timely certificate of merit. Quality Air contended that the trial court's decision was correct: it was not required to file a certificate of merit under section 150 of the Texas Civil Practice and Remedies Code because it was a "cross-claimant" and not a "plaintiff." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(a)–(b) (West, Westlaw through 2013 3d C.S.); *Jaster v. Comet II Construction, Inc.*, —S.W.3d—, No. 12-0804, 2014 WL 2994503, at *8 (Tex. July 3, 2014) (plurality op.) (concluding, in a Texas Supreme Court case issued after the parties in the underlying case submitted their briefing, that cross-claimants were not required to file certificates of merit in chapter 150 cases).

On August 8, 2014, Quality Air informed our court that it had reached a settlement with GNRC Realty, LLC. Accordingly, Quality Air requested a motion for partial dismissal because its settlement with GNRC rendered its cross-action against appellant James Frazier moot. We granted this motion for partial dismissal and severed the case, cause number 13-12-00770, on August 21, 2014. Frazier's remaining issue against GNRC proceeds under the current cause number 13-14-00447-CV.

2

faulty HVAC system. The problem was allegedly so severe it required the residents of the Nursing Facility to be evacuated due to excess humidity and inadequate cooling.

In April 2011, GNRC filed an original petition that asserted claims against Antlers, Frazier, Quality Air, and Capt & Smart. Specifically, GNRC sued Frazier and Quality Air for damages alleging negligence, gross negligence, negligence per se, breach of contract, and breach of express and implied warranties. No certificate of merit was attached to GNRC's original petition. In May 2011, Frazier, proceeding pro se, answered GNRC's suit with a letter that he filed in the trial court as an original answer.

In February 2012, Quality Air filed a cross-claim against, among others, Frazier, seeking contribution in the event it was found liable to GNRC. In August 2012, Frazier filed two motions to dismiss under civil practice and remedies code section 150.002. One was directed against GNRC's claims; the other was directed against Quality Air's cross-claim. GNRC responded by arguing that Frazier waived the certificate of merit requirement. Quality Air joined and adopted GNRC's response. On October 9, 2012, GNRC filed a sixth Amended petition. Attached to the sixth Amended Petition is an affidavit and certificate of merit by John M. McGinty, a registered architect licensed in the state of Texas. The next day, a hearing was held on Frazier's motions to dismiss. The trial court denied both motions to dismiss and this interlocutory appeal followed.

## II. APPLICABLE LAW AND STANDARD OF REVIEW

Texas Civil Practice and Remedies Code section 150.002 requires that, "in any action . . . for damages arising out of the provision of professional services by a licensed or registered professional, the plaintiff shall be required to file with the complaint an

3

"affidavit of a . . . third-party licensed architect."  *See id.* §150.002(a).

> The affidavit shall set forth specifically for each theory of recovery for which damages are sought, the negligence, if any, or other action, error, or omission of the licensed or registered professional in providing the professional service, including any error or omission in providing advice, judgment, opinion, or a similar professional skill claimed to exist and the factual basis for each such claim.

*Id.* § 150.002(b). "The plaintiff's failure to file the affidavit in accordance with this section . . . shall result in dismissal of the complaint against the defendant."  *Id.* § 150.002(e).  "This dismissal may be with prejudice."  *Id.*

"We review a trial court's decision to grant or deny a defendant's motion to dismiss under section 150.002 of the Civil Practice and Remedies Code for abuse of discretion." *WCM Group, Inc. v. Camponovo*, 305 S.W.3d 214, 219 (Tex. App.—Corpus Christi 2009, pet. dism'd) (citing *Landreth v. Las Brisas Council of Co-Owners, Inc.*, 285 S.W.3d 492, 496 (Tex. App.—Corpus Christi 2009, no pet.), *superseded by statute on other grounds*, Tex. Civ. Prac. & Rem. Code Ann. § 150.002, *as recognized in Morrison Seifert Murphy, Inc. v. Zion*, 384 S.W.3d 421 (Tex. App.—Dallas 2012, no pet.)).

To the extent we analyze statutory construction, however, our standard of review is de novo. *See id.* (citing *Landreth*, 285 S.W.3d at 496).  "Once we determine the statute's proper construction, we must then decide whether the trial court abused its discretion in applying the statute."  *Id.*  "In construing statutes, we ascertain and give effect to the Legislature's intent as expressed by the language of the statute."  *City of Rockwall v. Hughes*, 246 S.W.3d 621, 625 (Tex. 2006).  "We use definitions prescribed by the Legislature and any technical or particular meaning the words have acquired."  *Id.* "Otherwise, we construe the statute's words according to their plain and common

4

meaning." *Id.* "Every word of a statute must be presumed to have been used for a purpose, and every word excluded from a statute must also be presumed to have been excluded for a purpose." *Landreth*, 285 S.W.3d at 497.

## IV. ANALYSIS

By his sole remaining issue, Frazier argues the trial court abused its discretion by not dismissing GNRC's claims against him on account of its failure to timely file a certificate of merit under section 150.002 of the Texas Civil Practice and Remedies Code. It is undisputed that GNRC did not file a certificate of merit until nearly eighteen months after it first filed suit; GNRC filed its certificate of merit with its sixth amended petition on the day before the hearing on Frazier's motion to dismiss. GNRC counters that Frazier waived his right to a certificate of merit because his original answer and responsive discovery included admissions of liability that obviated any need for a certificate of merit.

Section 150.002 imposes a mandatory, non-jurisdictional filing requirement, and a defendant may waive its right to seek dismissal under the statute. *Crosstex Energy Svcs., L.P. v. Pro Plus, Inc.*, 430 S.W.3d 384 (Tex. 2014). Waiver is the intentional relinquishment of a known right or intentional conduct inconsistent with claiming that right. *Id.* at 393–94; *Jernigan v. Langley*, 111 S.W.3d 153, 156 (Tex. 2003) (per curiam) (quoting *Sun Exploration & Prod. Co. v. Benton*, 728 S.W.2d 35, 37 (Tex. 1987); *U.S. Fid. & Guar. Co. v. Bimco Iron & Metal Corp.*, 464 S.W.2d 353, 357 (Tex. 1971)). Evidence of waiver generally takes one of three forms: (1) express renunciation of a known right; (2) silence or inaction, coupled with knowledge of the known right, for such an unreasonable period of time as to indicate an intention to waive the right; or (3) other conduct of the party

5

knowingly possessing the right of such a nature as to mislead the opposite party into an honest belief that the waiver was intended or assented to. *Alford, Meroney & Co. v. Rowe*, 619 S.W.2d 210, 213 (Tex. 1981).

"Waiver is largely a matter of intent, and for implied waiver to be found through a party's actions, intent must be clearly demonstrated by the surrounding facts and circumstances." *Jernigan*, 111 S.W.3d at 156 (citing *Motor Vehicle Bd. v. El Paso Indep. Auto. Dealers Ass'n, Inc.*, 1 S.W.3d 108, 111 (Tex. 1999)); *Rowe*, 619 S.W.2d at 213 (citing *Ford v. Culbertson*, 308 S.W.2d 855, 865 (Tex. 1958)). "There can be no waiver of a right if the person sought to be charged with waiver says or does nothing inconsistent with an intent to rely upon such right." *Jernigan*, 111 S.W.3d at 156 (citing *Maryland Cas. Co. v. Palestine Fashions, Inc.*, 402 S.W.2d 883, 888 (Tex. 1966)).

Generally, waiver is an affirmative defense. *See* TEX. R. CIV. P. 94. It may be asserted against a party who waives a right arising from law. *Tenneco Inc. v. Enter. Prod. Co.*, 925 S.W.2d 640, 643 (Tex. 1996) (citing *Rowe*, 619 S.W.2d at 213); *Ford*, 308 S.W.2d at 865). Waiver is ordinarily a question of fact, but when the surrounding facts and circumstances are undisputed, the question becomes one of law. *Crosstex Energy Services*, 430 S.W.3d at 394–95 (concluding as a matter of law that a defendant did not waive its right to a certificate of merit by answering a lawsuit, participating in discovery, joining continuance and docket-control orders, and entering a Rule 11 agreement); *Jernigan*, 111 S.W.3d at 156-57; *Tenneco*, 925 S.W.2d at 643.

In the context of cases involving chapter 150, "a party can substantially invoke the judicial process to such an extent that it is clear the litigant is abandoning the right to

6

dismiss the case under section 150.001." *Murphy v. Gutierrez*, 374 S.W.3d 627, 633–35 (Tex. App.—Fort Worth 2012, pet. filed). And, based on our de novo review of the undisputed facts, we conclude Frazier's actions prior to seeking dismissal amount to a waiver of his right to seek dismissal under section 150.002. In his original pro se answer, Frazier did not assert a general denial to deny the five allegations of design negligence against him.[2] In fact, his answer affirmatively admitted that the HVAC design was faulty: "the design of the HVAC system was, in fact, faulty in design created a negative pressure in the building." Although Frazier shifted responsibility to Capt & Smith for the "initial design," his answer outlined the steps he personally took in an attempt to remedy the situation—further acknowledging that there was a defect that needed to be corrected.

Later, in discovery, Frazier's conduct continued to demonstrate facts and circumstances which amounted to waiver. For example, in his responses to Requests for Admission, he answered as follows:

> Request for Admission No. 5: Admit that as the architect who designed the plans for the Ganado Nursing Facility, it was part of your duties to ensure that the facility was constructed pursuant to the requirements and regulations contained in Title 40 of the Texas Administrative Code, Chapter 19, Nursing Facility Requirements for Licensure and Medicaid Certification.

> [Frazier's Response]: Admit.

Importantly, we note that the purpose of chapter 150 "is to deter meritless claims and bring them quickly to an end." *CTL/Thompson Texas, LLC v. Starwood*

---

[2] Frazier subsequently filed an amended answer which included a general denial.

7

*Homeowner's Ass'n, Inc.*, 390 S.W.3d 299, 301 (Tex. 2013). Here, in both his answer and in discovery, Frazier *admitted* that the HVAC design was faulty, thus giving merit to plaintiff's claims. Frazier's own admissions lend support to plaintiff's claims that negligence occurred in the construction of the HVAC system, and granting a motion to dismiss in this case would defeat the purpose of this statute. In light of this, we conclude that Frazier "substantially invoked the judicial process," *Murphy*, 374 S.W.3d at 631, and thus waived his right to a certificate of merit.

The dissent focuses on Texas cases that emphasize the quantity of activity in a case rather than the substance of activity. *See, e.g.*, *Crosstex Energy Services*, 430 S.W.3d at 394–95 (holding that no waiver existed where a party filed an answer, exchanged 11,000 pages of written discovery, and entered into a Rule 11 agreement, among other actions). The dissent claims that "the majority construes a single sentence in Frazier's original answer and a single response in GNRC's requests for admission as being substantively inconsistent with [Frazier's] right to dismiss under section 150.002." We disagree with this cursory summary of our analysis. Actively participating in discovery is fundamentally different than admitting that a mechanism you designed, which was supposed to meet certain state standards yet you concede was "faulty in design", is another matter entirely. If "waiver is a function of intent" that "must be clearly demonstrated by the surrounding facts and circumstances" of a case, *id.* at 394, we find that waiver occurred here.

We overrule Frazier's second issue on appeal.

8

## V. Conclusion

Having overruled Frazier's only issue on appeal, we affirm the judgment of the trial court.

_____
GINA M. BENAVIDES,
Justice

Dissenting Opinion by
Justice Gregory T. Perkes.

Delivered and filed the
29th day of August, 2014.