

**NUMBER 13-19-00445-CV**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

---

**THE ALEX GROUP, LLC,** **Appellant,**

**v.**

**LA JOYA INDEPENDENT
SCHOOL DISTRICT,** **Appellee.**

---

**On appeal from the 398th District Court
of Hidalgo County, Texas.**

---

# MEMORANDUM OPINION

**Before Justices Benavides, Longoria, and Tijerina
Memorandum Opinion by Justice Benavides**

By two issues, appellant The Alex Group, LLC (Alex Group) challenges the trial court's denial of its motion to dismiss appellee La Joya Independent School District (La Joya ISD)'s case. The Alex Group argues that the trial court abused its discretion by: (1) granting La Joya ISD's motion for leave to extend the time to file the certificate of merit;

and (2) denying the Alex Group's motion to dismiss.[1] We affirm.

## I. BACKGROUND

This case involves the construction of an elementary school located in Mission, Texas. La Joya ISD employed Peterson Construction (Peterson) as its general contractor and the Alex Group was brought in to provide mechanical, electrical, and plumbing services related to the project.[2] La Joya ISD filed suit against Peterson alleging negligence, breach of contract, and breaches of implied and express warranties in June 2018, and in November 2018, added the Alex Group to the lawsuit, alleging negligence and breach of contract.

La Joya ISD did not attach a certificate of merit, as required, to its filing that added the Alex Group. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(a). However, because La Joya ISD added the Alex Group to the lawsuit within ten days of the statute of repose expiring, it requested a thirty-day extension in order to file its certificate of merit as allowed under the statue. *See id.* § 150.002(c). Following the statutory thirty-day extension, La Joya ISD asked for an additional extension of sixty days because it stated it was waiting on discovery from Peterson. A hearing was conducted in January, in which the Alex Group was not present, and the trial court granted La Joya ISD a ninety-day extension, requiring the certificate of merit to be filed on April 28, 2019.

In February 2019, the Alex Group filed a motion for rehearing regarding La Joya

---

[1] Similar issues were before this Court in a mandamus proceeding in 2019. *See In re the Alex Group*, No. 13-19-00226-CV, 2019 WL 3023331, *1 (Tex. App.—Corpus Christi–Edinburg July 10, 2019, orig. proceeding) (mem. op.).

[2] The contract for the school's construction was signed in 2007 and the Alex Group was brought into the project to provide engineering services.

ISD's ninety-day extension to file the certificate of merit, as well as a motion to dismiss. Another hearing was held in March 2019, where the Alex Group explained that it was not given notice of the January hearing. La Joya ISD stated that it could not complete the certificate of merit until it received outstanding discovery from Peterson. The motions were carried with the case.

La Joya ISD filed its certificate of merit regarding the Alex Group on April 29, 2019. At the August 2019 hearing, the trial court denied the Alex Group's motion for rehearing and motion to dismiss. This interlocutory appeal followed.

## II. CERTIFICATE OF MERIT

By its two related issues, the Alex Group argues the trial court abused its discretion in (1) granting La Joya ISD's motion for leave to extend time to file its certificate of merit and (2) denying the Alex Group's motion to dismiss.

### A. Standard of Review

We review a trial court's decision to grant or deny a defendant's motion to dismiss under § 150.002 of the civil practice and remedies code for an abuse of discretion. *Frazier v. GNRC Realty, LLC*, 476 S.W.3d 70, 73 (Tex. App.—Corpus Christi–Edinburg 2014, no pet.); *WCM Group, Inc. v. Camponovo*, 305 S.W.3d 214, 219 (Tex. App.—Corpus Christi–Edinburg 2009, pet. dism'd). A court abuses its discretion if it fails to analyze or apply the law correctly. *TRW Eng'rs, Inc. v. Hussion Street Bldgs., LLC*, 608 S.W.3d 317, 319 (Tex. App.—Houston [1st Dist.] Aug. 2020, no pet.). "Trial courts do not have discretion to make decisions in an arbitrary or unreasonable manner, without reference to guiding rules or principles." *Pedernal Energy, LLC v. Bruington Eng'g, Ltd.*, 536 S.W.3d 487, 492 (Tex.

3

2017) (citing *CTL/Thompson Tex., LLC v. Starwood Homeowner's Ass'n, Inc.*, 390 S.W.3d 299, 301 (Tex. 2013) and *Samlowski v. Wooten*, 332 S.W.3d 404, 410 (Tex. 2011) in context of § 150.002).

To the extent we analyze statutory construction, our standard of review is de novo. *Crosstex Energy Servs., L.P. v. Pro Plus, Inc.*, 430 S.W.3d 384, 387 (Tex. 2014); *City of Rockwall v. Hughes,* 246 S.W.3d 621, 625 (Tex. 2008); *Frazier*, 476 S.W.3d at 73. In construing a statute, our goal is to determine and give effect to the legislature's intent. *Pedernal Energy*, 536 S.W.3d at 491. If the statute is clear and unambiguous, we must read the language according to its common meaning without resort to rules of construction or extrinsic aids. *Melden & Hunt, Inc. v. East Rio Hondo Water Supply Corp.*, 520 S.W.3d 887, 893 (Tex. 2017); *State v. Shumake,* 199 S.W.3d 279, 284 (Tex. 2006). We rely on this plain meaning as an expression of legislative intent unless a different meaning is supplied or is apparent from the context, or the plain meaning leads to absurd results. *Tex. Lottery Comm'n v. First State Bank of DeQueen,* 325 S.W.3d 628, 635 (Tex. 2010). Words and phrases "shall be read in context and construed according to the rules of grammar and common usage." TEX. GOV'T CODE ANN. § 311.011. We presume the Legislature chose statutory language deliberately and purposefully. *See Tex. Lottery Comm'n,* 325 S.W.3d at 635. We must not interpret the statute "in a manner that renders any part of the statute meaningless or superfluous." *Columbia Med. Ctr. of Las Colinas, Inc. v. Hogue,* 271 S.W.3d 238, 256 (Tex. 2008) (citing *City of Marshall v. City of Uncertain,* 206 S.W.3d 97, 105 (Tex. 2006)).

**B.    Applicable Law and Discussion**

The certificate of merit statute applies to actions for damages arising out of "the provision of professional services by a licensed or registered professional." Tᴇx. Cɪv. Pʀᴀᴄ. & Rᴇᴍ. Cᴏᴅᴇ Aɴɴ. § 150.002(a). Section 150.002 requires an affidavit of a third-party licensed professional who is "competent to testify"; who "holds the same professional license or registration as the defendant"; and who "practices in the area of practice of the defendant and offers testimony based on the person's: (A) knowledge; (B) skill; (C) expertise; (D) education; (E) training; and (F) practice." *Id.* The third-party licensed professional engineer "shall be licensed or registered in the state and actively engaged in the practice" of engineering. *Id.* § 150.002(b). The required affidavit "shall set forth specifically for each theory of recovery for which damages are sought, the negligence, if any, or other action, error, or omission of the licensed or registered professional in providing the professional service." *Id.*

Courts have interpreted the language of § 150.002(a) to require plaintiffs to file a certificate of merit affidavit contemporaneously with a "first-filed petition' as to the defendants in which a § 150.002 claim applies." *Hussion Street Buildings*, 608 S.W.3d at 321. However, subsection (c) states:

> The contemporaneous filing requirement of Subsection (a) shall not apply to any case in which the period of limitation will expire within 10 days of the date of filing and, because of such time constraints, the plaintiff has alleged that an affidavit of a third-party licensed . . . professional engineer . . could not be prepared. In such cases, the plaintiff shall have 30 days after the filing of the complaint to supplement the pleadings with the affidavit. The trial court may, on motion, after hearing and for good cause, extend such time as it shall determine justice requires.

Tᴇx. Cɪv. Pʀᴀᴄ. & Rᴇᴍ. Cᴏᴅᴇ Aɴɴ. § 150.002(c). That was the case presented here. La

5

Joya ISD filed suit against the Alex Group within ten days of the statute of limitations expiring, and therefore, was entitled to request an initial extension of thirty days under § 150.002(c).

La Joya ISD then asked for a second extension based on "good cause." *See id.* La Joya ISD argued that "good cause" existed because it was waiting on discovery requested from Peterson, including old documents that were no longer contained in Peterson's files and had to be requested from other sources to determine the negligence of the Alex Group, if any. The Texas Supreme Court has stated:

> We hold that the "good cause" exception in subsection (c) does not stand alone, but rather is contingent upon a plaintiff: (1) filing within ten days of the expiration of the limitations period; and (2) alleging that such time constraints prevented the preparation of an affidavit. A plaintiff satisfying these requirements "shall" receive an extension of thirty days; upon motion, a trial court may, for good cause, extend this thirty-day period as justice requires.

*Crosstex Energy Servs.*, 430 S.W.3d at 391. At subsequent hearings, multiple other defendants were added to the case, and La Joya ISD argued there were substantial discovery requests to go through.

This Court has previously held that "good cause" allows trial courts to determine, in their own discretion, if an extension is warranted. *See WCM Group, Inc. v. Brown*, 305 S.W.3d 222, 230 (Tex. App.—Corpus Christi–Edinburg 2009, pet. dism'd); *BHP Eng. & Const., L.P. v. Heil Const. Mgmt., Inc.*, No. 13-13-00206-CV, 2013 WL 9962154, at *3 (Tex. App.—Corpus Christi–Edinburg Dec. 5, 2013, no pet.). Here, the trial court did not specify what ground it based its granting of La Joya ISD's motions. Because our standard of review is an abuse of discretion, and we will not conclude that a trial court has abused

6

its discretion merely because it decided in a different manner than we would have, we defer to the trial court's decision that the grounds presented by La Joya ISD constituted "good cause" for the certificate of merit to be filed late. *See BHP*, 2013 WL 9962154, at *4. As we held in *Brown*, "the purpose of [chapter 150] statute is to provide a basis for the trial court to conclude that the plaintiff's claims have merit, not to dismiss meritorious claims on a procedural technicality." 305 S.W.3d at 230. We overrule the Alex Group's two issues.

## III.  CONCLUSION

We affirm the trial court's ruling.


GINA M. BENAVIDES
Justice


Delivered and filed on the
25th day of February, 2021.