

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-11-00108-CV

KEN MURPHY AND SCOTT
TOORNBURG, IN HIS OFFICIAL
CAPACITY AS REPRESENTATIVE
OF THE ESTATE OF DEANNA KAY
MURPHY

APPELLANTS

V.

ED GUTIERREZ, INDIVIDUALLY
AND D/B/A J.E. & ASSOCIATES

APPELLEE

----------

## FROM THE 431ST DISTRICT COURT OF DENTON COUNTY

----------

## OPINION

----------

### I. INTRODUCTION

Appellants Ken Murphy and Scott Toornburg, in his official capacity as representative of the estate of Deanna Kay Murphy (together, "the Murphys"), appeal the trial court's order dismissing their suit against appellee Ed Gutierrez,

individually and d/b/a J.E. & Associates.  In two issues, the Murphys contend that the trial court abused its discretion by dismissing their claims against Gutierrez because (1) Gutierrez waived his right to file for dismissal under the applicable statute to this case and (2) because the Murphys promptly cured their failure to file an accompanying certificate of merit with their original petition in accordance with that same statute.  Because we hold that Gutierrez substantially invoked the judicial process prior to filing his motion to dismiss, thus waiving his right to complain that the Murphys failed to file a certificate of merit, we will reverse and remand.

## II. BACKGROUND

Ken and Deanna Murphy sued Classic Reflections Pools, Inc. and Gutierrez on August 3, 2007, for claims relating to the design and construction of a swimming pool at the Murphys' home.[1]  Neither party disputes that the structure of the pool was designed by Gutierrez, an engineer.  And neither party disputes that Classic constructed the pool.

On August 20, 2007, Gutierrez filed his original answer.  Accompanying his answer, Gutierrez filed a motion to dismiss the Murphys' claims against him— arguing that the Murphys had failed to file an accompanying certificate of merit with their lawsuit pursuant to section 150.002 of the Texas Civil Practice and Remedies Code.  *See* Tex. Civ. Prac. & Rem. Code Ann. § 150.002 (West 2007).

---

[1]After the Murphys filed suit, Deanna passed away and Toornburg, the representative of her estate, took her place as a plaintiff in this suit.

2

The record is unclear why, but the trial court never conducted a hearing on Gutierrez's motion to dismiss, nor did the trial court dismiss the case.[2]

For over three and one-half years, the parties litigated this case. Specifically, Gutierrez undertook written discovery; deposed the plaintiffs; participated in being deposed by co-defendant and cross-plaintiff Classic; designated an expert witness and presented him for deposition; filed traditional and no-evidence summary judgment motions, which the trial court granted in part; objected to the Murphys' summary judgment evidence; and participated in post-summary judgment mediation. Gutierrez also entered into an agreement to extend discovery so that Gutierrez could conduct discovery with respect to Classic's cross-claim. On January 5, 2011, five days before a scheduled trial on the merits, Gutierrez filed an amended motion to dismiss, again based on the Murphys' failure to file a section 150.002 certificate of merit. After holding a hearing on Gutierrez's reurged motion, the trial court granted the motion to dismiss on March 7, 2011. This appeal followed.

### III. DISCUSSION

In their first issue, the Murphys allege that the trial court abused its discretion by granting Gutierrez's motion to dismiss. Specifically, the Murphys

---

[2]The Murphys allege in their brief that even though they did not file a certificate of merit contemporaneously with their original petition, they did file a certificate shortly thereafter. The Murphys contend that at this time Gutierrez abandoned his motion to dismiss and cancelled the motion to dismiss hearing. There is, however, no evidence in the record by which we can ascertain that the Murphys' version of why no hearing was held is correct or incorrect.

allege that Gutierrez waived his right to reurge his motion to dismiss after extensively participating in the litigation of this suit for over three and one-half years. Thus, the Murphys argue that the trial court should have denied Gutierrez's motion to dismiss.[3]

Gutierrez counters that no Texas court has ever held that a party waived its right to file a motion to dismiss under section 150.002. Furthermore, Gutierrez argues that if we hold that a party can waive the right to move for dismissal, the "ministerial and mandatory feature" of section 150.002 "would be thwarted, and both Trial Courts and Courts of Appeals would be littered with waiver claims that, by their very nature, would require a case-by-case analysis, resulting in confusing and inconsistent results." We agree with the Murphys that Gutierrez so thoroughly invoked the judicial process prior to filing his motion to dismiss that he waived his right to reurge his motion to dismiss.

## A.    Standard of Review

We review the trial court's order denying a motion to dismiss the suit for failure to file an accompanying third-party affidavit of a licensed architect under an abuse of discretion standard. *See Palladian Bldg. Co. v. Nortex Found. Designs, Inc.*, 165 S.W.3d 430, 433 (Tex. App.—Fort Worth 2005, no pet.)

---

[3]As part of their first issue, the Murphys also contend that Gutierrez is barred from moving for dismissal under section 150.002 under the doctrine of laches. *See Caldwell v. Barnes*, 975 S.W.2d 535, 538 (Tex. 1998) (discussing elements of laches). Because we resolve their first issue in the Murphys' favor, we need not address this additional argument contained in their first issue.

(applying the same abuse of discretion standard used in reviewing motions to dismiss for failure to file expert reports in healthcare liability claims).

### B.  The Doctrine of Waiver

Waiver is an intentional relinquishment of a known right or intentional conduct inconsistent with claiming that right.  *See Palladian*, 165 S.W.3d at 434; *see also Jernigan v. Langley*, 111 S.W.3d 153, 156 (Tex. 2003); *Sun Exploration & Prod. Co. v. Benton*, 728 S.W.2d 35, 37 (Tex. 1987).  Although waiver is ordinarily a question of fact, when the facts and circumstances are admitted or clearly established, the question becomes one of law.  *Motor Vehicle Bd. v. El Paso Indep. Auto. Dealers Ass'n, Inc.*, 1 S.W.3d 108, 111 (Tex. 1999).  There can be no waiver of a right if the person sought to be charged with waiver says or does nothing inconsistent with intent to rely upon such right.  *Jernigan*, 111 S.W.3d at 156; *Maryland Cas. Co. v. Palestine Fashions, Inc.*, 402 S.W.2d 883, 888 (Tex. 1966).

### C.  Waiver and Section 150.002

The governing statute in this case is the version of section 150.002 of the Texas Civil Practice and Remedies Code that was in effect when this suit was brought in August 2007.  *Compare* Tex. Civ. Prac. & Rem. Code Ann. § 150.002 *with* Act of May 18, 2005, 79th Leg., R.S., ch. 208, § 2, 2005 Tex. Gen. Laws 369, 370 (formerly codified at Tex. Civ. Prac. & Rem. Code § 150.002, amended 2009); Act of May 12, 2005, 79th Leg., R.S., ch. 189, §§ 1–2, 2005 Tex. Gen.

Laws 348, 348 (formerly codified at Tex. Civ. Prac. & Rem. Code § 150.002, amended 2009). Chapter 150 applies to "any action *or arbitration proceeding* for damages *arising out of the provision of professional services*" by a licensed engineering firm. Tex. Gen. Laws at 348, 370 (formerly codified at Tex. Civ. Prac. & Rem. Code § 150.002). The plaintiff in such an action is required to file a particular kind of affidavit, referred to as a "certificate of merit," contemporaneously with the complaint or, under certain specified conditions, within thirty days after the complaint. *Id.* The certificate of merit required by the statute is an affidavit from a third-party professional who holds the same license as the defendant. *Id.* At issue in this case is whether a party may waive its right to file a motion to dismiss under this chapter and, if so, what actions by a defendant constitute waiver. *See Consol. Reinforcement, L.P. v. Carothers Exec. Homes, Ltd.*, 271 S.W.3d 887, 890 n.5 (Tex. App.—Austin 2008, no pet.) (discussing waiver doctrine and section 150.002 motions to dismiss), *overruled on other grounds by S & P Consulting Eng'rs v. Baker*, 334 S.W.3d 390, 399–400 (Tex. App.—Austin 2011, no pet.).

A number of Texas courts of appeals have addressed the concept of waiver regarding whether a defendant can invoke the judicial process to such a degree that an opposing party can forfeit its right to seek dismissal under section 150.002. *Palladian*, 165 S.W.3d at 434–35 (analyzing waiver doctrine and section 150.002 but holding that evidence did not support a finding of waiver);

6

*Ustanik v. Nortex Found. Designs, Inc.*, 320 S.W.3d 409, 413 (Tex. App.—Waco 2010, pet. denied) (same); *DLB Architects, P.C. v. Weaver*, 305 S.W.3d 407, 411 (Tex. App.—Dallas 2010, pet. denied) (same); *Landreth v. Las Brisas Council of Co-Owners, Inc.*, 285 S.W.3d 492, 500–01 (Tex. App.—Corpus Christi 2009, no pet.) (same). Each of these cases from intermediate courts of appeals in Texas, although discussing the application of waiver in this context, have all held that the defendants involved in those cases had not waived their rights to rely on section 150.002's dismissal provision. *See, e.g., Palladian*, 165 S.W.3d at 434–35; *but see Pro Plus, Inc. v. Crosstex Energy Servs., L.P.*, --- S.W.3d ---, No. 01-11-00025-CV, 2012 WL 404500, at *18 (Tex. App.—Houston [1st Dist.] Feb. 9, 2012, no pet.) (Keyes, J., dissenting) (disagreeing with the majority's position that "the Certificate of Merit Statute does not grant the trial court discretion to completely waive the requirement; rather, it mandates dismissal, on the defendant's motion, of any claims for which a certificate is required and not produced"). And the majority holdings from these cases are predicated on the conclusions that there existed insufficient evidence to demonstrate waiver. *See, e.g., Ustanik*, 320 S.W.3d at 414; *Landreth*, 285 S.W.3d at 500–01. These cases, however, ostensibly stand for the proposition that a defendant can waive his right to seek dismissal under section 150.002. *Landreth*, 285 S.W.3d at 500–01.

7

For example, in this court's decision in *Palladian*, we held that the trial court did not abuse its discretion by dismissing Palladian's suit against Nortex for failure to file the affidavit required by section 150.002. *Palladian*, 165 S.W.3d at 434–35. In coming to that conclusion, this court analyzed whether Nortex had substantially invoked the judicial process and therefore waived its right to seek dismissal under section 150.002. *Id.* Despite claims by Palladian that Nortex had responded to interrogatories, propounded and responded to requests for production, propounded requests for disclosures, noticed and deposed Palladian's corporate representative, and filed multiple motions for summary judgment, we concluded that Palladian's claims that Nortex had invoked the judicial process to this degree were "unsupported by documents in the appellate record." *Id.*

Other courts of appeals have reached similar holdings. *Ustanik*, 320 S.W.3d at 414; *Landreth*, 285 S.W.3d at 500–01. In *Ustanik*, acknowledging that this court was the first to analyze waiver in this setting, the Waco court of appeals also addressed the doctrine of waiver in conjunction with a motion to dismiss pursuant to section 150.002. 320 S.W.3d at 412–14. Similar to *Palladian*, despite claims by the plaintiff that the defendant had waived its right to seek dismissal because the defendant had waited more than two years to file its dismissal motion; participated in discovery; designated an expert witness; filed traditional and no-evidence motions for summary judgment; and participated in

8

other pretrial activities, including mediation, the Waco court of appeals determined that "[s]ome of the claimed actions taken are not supported by the record." *Id.* Furthermore, the record in *Ustanik* demonstrated that the trial court had never ruled on either of the defendant's motions for summary judgment. Likewise, in *Landreth*, while acknowledging that section 150.002 does not contain a deadline in the statute, the *Landreth* court analyzed waiver and concluded that "[t]here was no evidence in the record showing an intent to waive [defendant's] right to dismissal under the statute." *Landreth*, 285 S.W.3d at 501. The *Landreth* court concluded that the defendant had used discovery to determine the nature of the case, and then once the defendant knew section 150.002 applied, promptly moved for dismissal eight days later. *Id.*

These cases illustrate the kind of conduct that falls short of a party waiving the right to move the court to dismiss the case for failure of the plaintiff to file a section 150.002 certificate of merit. But they also connote that a party can substantially invoke the judicial process to such an extent that it is clear the litigant is abandoning the right to dismiss the case under section 150.002. *See Landreth*, 285 S.W.3d at 500 (discussing waiver in context of section 150.002); *see also Perry Homes v. Cull*, 258 S.W.3d 580, 589–92 (Tex. 2008), *cert. denied*, 129 S. Ct. 952 (2009) (holding, in the context of arbitration, that parties can waive their rights to move to compel arbitration by "substantial invocation" of the judicial process).

Furthermore, persuasion that waiver can occur even in the context of a statutory scheme where no deadline is found in the statute and dismissal appears mandatory on its face can also be found in Texas supreme court precedent. *Roccaforte v. Jefferson Cnty.*, 341 S.W.3d 919, 923 (Tex. 2010) (J. Willett concurring); *Univ. of Tex. Sw. Med. Ctr. v. Loutzenhiser*, 140 S.W.3d 351, 359–60 (Tex. 2004); *Jernigan*, 111 S.W.3d at 156–57.

For example, in *Jernigan*, although the medical malpractice statute in question contained no statutory deadline to file a motion to dismiss, our supreme court reasoned that "we must decide whether [Jernigan] nevertheless waived the right" to move for a motion to dismiss when Jernigan had invoked the judicial process. *Jernigan*, 111 S.W.3d at 156–57. The court ultimately determined that *Jernigan* had not substantially invoked the judicial process to a degree that constituted waiver, but the court nonetheless analyzed the issue of waiver. *Id*. Likewise, in *Loutzenhiser*, when analyzing the Tort Claims Act's mandatory six-month period for giving notice, which also contained no deadline, the Texas supreme court stated, "The failure of a non-jurisdictional requirement mandated by statute may result in the loss of a claim, *but that failure must be timely asserted and compliance can be waived.*" *Loutzenhiser*, 140 S.W.3d at 359 (emphasis added).

Seizing upon this precedent, Justice Willett stated in his concurring opinion in *Roccaforte*, "Under [Texas supreme court] precedent, dismissal delayed is

sometimes dismissal denied," even when the statute, "mandates strict compliance." *Roccaforte,* 341 S.W.3d at 928–30 (J. Willett concurring). Thus, precedent from the Supreme Court of Texas guides this court to the conclusion that waiver can occur even when, like in this case, the statute seemingly mandates dismissal of a claim at any time when the strictures of the statute are not complied with. *See* Tex. Civ. Prac. & Rem. Code Ann. § 150.002.

The possibility of waiver in a section 150.002 certificate-of-merit case is also supported by the intent behind the statute. Indeed, one of the purposes of section 150.002 is to provide the trial court with a vehicle to determine the merit of claims against architects and engineers. *See Criterium–Farrell Eng'rs v. Owens*, 248 S.W.3d 395, 399 (Tex. App.—Beaumont 2008, no pet.) ("[T]he purpose of the certificate of merit is to provide a basis for the trial court to conclude that the plaintiff's claims have merit."); *see generally* Michael S. Hull et al., *House Bill 4 and Proposition 12: An Analysis with Legislative History, Part Two*, 36 Tex. Tech. L. Rev. 51, 164 (2005). As seen by the legislative history, this statute was designed both to quickly dismiss meritless claims and to reduce litigation costs. *See* House Comm. on Civil Practices, Bill Analysis, Tex. H.B. 4, 78th Leg., C.S. (2003) ("In summary, [House Bill 4, including section 150.002] provides for various corrective measures that will help . . . reduce the costs of litigation" and "[House Bill 4] addresses many of the root causes of the current situation: non-meritorious lawsuits."); *see also* Senate Comm. on State Affairs,

11

Bill Analysis, Tex. H.B. 4, 78th Leg., C.S. (2003) (("The authors' stated intent is to . . . reduce litigation costs . . . .").

Based on Texas supreme court precedent, our own precedent, other Texas courts of appeals precedent, and the purpose of this statute, we conclude and hold that when conduct by a litigant is consistent with a party who has intentionally relinquished the known right of moving to dismiss under section 150.002, a party can waive its right to rely on this mechanism. *See Palladian*, 165 S.W.3d at 434 (analyzing the doctrine of waiver for the first time with respect to a section 150.002 motion to dismiss); *see also Jernigan*, 111 S.W.3d at 156–57 (applying doctrine of waiver with respect to right to dismissal of medical malpractice action based on claimant's failure to comply with mandatory expert report requirements of Medical Liability and Insurance Improvement Act where defendant's silence or inaction is inconsistent with intent to rely upon right to dismissal). Therefore, we must next determine whether Gutierrez invoked the judicial process to such a degree that he waived the right to move for dismissal of the Murphys' suit under section 150.002.

## D. Gutierrez Waived His Right to Move for Dismissal

Determining waiver by substantial invocation of the judicial process inherently requires a reviewing court to look to the totality of circumstances. *Perry Homes*, 258 S.W.3d at 590; *Jernigan*, 111 S.W.3d at 156; *Palladian*, 165 S.W.3d at 434. Some factors significant to the issue of whether a party waived

12

its right to move for dismissal under section 150.002 include, among other factors, the moving party's degree of participation in discovery; whether the party sought affirmative action or judgment on the merits; and at what time during the judicial process the party sought dismissal. *Palladian*, 165 S.W.3d at 434; *Ustanik*, 320 S.W.3d at 414; *Landreth*, 285 S.W.3d at 500–01.

### 1. Participation in discovery

One factor considered by a number of courts that have addressed waiver in the section 150.002 context is whether the defendant participated, and to what extent, in pretrial discovery before moving for a motion to dismiss. *See Landreth*, 285 S.W.3d at 500–01; *see also Perry Homes*, 258 S.W.3d at 593 ("How much litigation conduct will be 'substantial' depends very much on the context; three or four depositions may be all the discovery needed in one case, but purely preliminary in another.") (footnotes omitted). For example, in *Landreth*, the court determined that the defendants used the discovery process to determine the exact nature of the claim brought against them and that within eight days of discovering the nature of the claim through deposing the plaintiff's expert witness, the defendants filed their motion to dismiss under section 150.002. *See Landreth*, 285 S.W.3d at 500–01. The *Landreth* court held that under those circumstances "[t]here was no evidence in the record showing an intent to waive its right to dismissal under the statute." *Id.*

In this case, however, the record shows that Gutierrez participated extensively in discovery. Gutierrez noticed and took both of the Murphys' depositions. More than one year after this suit was filed, Gutierrez allowed himself to be deposed. He participated in the deposition of one of the principals of co-defendant and cross-plaintiff Classic. He designated and presented for deposition his own expert witness. Gutierrez also propounded written discovery to both the Murphys and Classic. And he responded to written discovery. It can hardly be said that Gutierrez's participation in discovery was "purely preliminary." *Perry Homes*, 258 S.W.3d at 593. Although participation in discovery alone is not generally sufficient to demonstrate waiver, we conclude that in this case, because Gutierrez extensively participated in discovery, this factor leans toward indicating that Gutierrez intended to proceed with litigating this case and waive his right to seek dismissal under section 150.002.

### 2.    Seeking affirmative action or judgment on the merits

Another factor considered by courts in determining whether a party waived its right to pursue dismissal under section 150.002 is whether the party sought and obtained affirmative relief from the trial court. *Landreth*, 285 S.W.3d at 500–01; *see also Holmes, Woods & Diggs v. Gentry*, 333 S.W.3d 650, 655 (Tex. App.—Dallas 2009, no pet.) (analyzing waiver and considering whether a party "attempted to achieve a satisfactory result through litigation before turning to arbitration"); *Nw. Constr. Co. v. Oak Partners, L.P.*, 248 S.W.3d 837, 848 (Tex.

App.—Fort Worth 2008, pet. denied) (reasoning that evidence of substantial invocation for purposes of waiver "include moving for summary judgment or seeking a final resolution of the dispute"). For example, in *Landreth* the court considered whether the defendant having sought summary judgment from the trial court constituted evidence inconsistent with the right to file a motion to dismiss. The *Landreth* court noted that the defendant had in fact sought summary judgment, but the court also noted that the trial court never ruled on the summary judgment motions prior to the defendant filing its motion to dismiss. *Landreth*, 285 S.W.3d at 500–01.

In this case, not only did Gutierrez seek both traditional and no-evidence summary judgments, the trial court granted in part his motions for summary judgment. Thus, Gutierrez not only attempted to "achieve a satisfactory result" by filing his motions for summary judgment, but he allowed the trial court to rule on these motions before ever reurging his motion to dismiss. We conclude that this factor weighs in favor of finding that Gutierrez intended to proceed with litigating this case and waive his right to pursue dismissal under section 150.002. *See Williams Indus., Inc. v. Earth Dev. Sys. Corp.*, 110 S.W.3d 131, 135 (Tex. App.—Houston [1st Dist.] 2003, no pet.) (reasoning that moving for summary judgment or seeking a final resolution of the dispute is a factor that demonstrates waiver of right to compel arbitration despite strong presumption against waiver of arbitration).

15

### 3. Attempts at alternative means of dispute resolution

Although not often analyzed regarding the waiver of the right to move for dismissal under section 150.002, a factor we conclude weighs against Gutierrez and in favor of finding that he intended to waive his right to seek dismissal in this case is the fact that he participated in court-ordered mediation regarding this case before ever reurging his motion to dismiss. *See Marble Slab Creamery, Inc. v. Wesic, Inc.*, 823 S.W.2d 436, 438 (Tex. App.—Houston [14th Dist.] 1992, no writ) (reasoning that defendant waived right to compel arbitration when, among other invocations of judicial process, trial court ordered parties to mediation before defendant ever moved to compel arbitration); *see also First Cmty. Ins. Co. v. F-Con Contractors, Inc.*, No. 05-99-01088-CV, 2000 WL 274001, at *2 (Tex. App.—Dallas March 14, 2000, no pet.) (not designated for publication) (party participating in mediation and settlement conferences waived right to assert arbitration). We conclude that Gutierrez's participation in court-ordered mediation after having sought and achieved partial summary judgment in this case is also a factor evincing that he intended to relinquish his right to pursue dismissal under section 150.002.

### 4. When did the party seek dismissal?

Another factor considered by courts addressing waiver, both in the context of section 150.002 and in other waiver settings, is when the party seeking the alternative to litigation actually sought the alternative relief—in this case a section

150.002 motion to dismiss. *Landreth*, 285 S.W.3d at 500–01. For example, in *Landreth* the court reasoned that it was significant to the question of whether the defendant waived the right to seek dismissal because the defendant promptly moved for dismissal after learning through the discovery process that section 150.002 applied. *Id.*; *but see In re Fleetwood Homes of Tex., L.P.*, 257 S.W.3d 692, 693–695 (Tex. 2008) *citing In re Vesta Ins. Group, Inc.*, 192 S.W.3d 759, 764 (Tex. 2006) ("Parties that 'conduct full discovery, file motions going to the merits, and seek arbitration only on the eve of trial' waive any contractual right to arbitration.").

In this case, after over three and one-half years of conducting discovery; filing motions for both traditional and no-evidence summary judgment, which the trial court granted in part; participating in court-ordered mediation; and filing claims against co-defendant Classic, Gutierrez then reurged his motion to dismiss only five days before trial was scheduled. We conclude that by reurging his motion to dismiss so late in the game and on the eve of trial, Gutierrez evinced intent to waive the right to seek dismissal under section 150.002. This factor also weighs in favor of finding waiver.

### 5. The factor of elapsed time

Most cases dealing with waiver, both in the section 150.002 setting and in other waiver settings, address how much time elapsed in the litigation process prior to seeking the alternative relief. *See Republic Ins. Co. v. Paico*

17

*Receivables, LLC*, 383 F.3d 341, 344 (5th Cir. 2004) (reasoning that a party's failure to assert its right to arbitrate a dispute is a relevant factor to determine prejudice and thus waiver in arbitration context). A review of these cases demonstrates that even when a party waits more than two years to seek its alternative to litigation, the time elapsed alone does not necessarily constitute evidence of waiver. *See Ustanik*, 320 S.W.3d at 413–14 (holding that delay of two years five months to file motion to dismiss did not constitute waiver); *DLB Architects*, 305 S.W.3d at 411 (waiting more than one year to file dismissal motion did not manifest intent to waive); *see also Jernigan*, 111 S.W.3d at 157 (holding that physician who waited 600 days after receiving expert report to move for dismissal did not waive his right to pursue a motion to dismiss under former version of the health care liability statute).

But in this case, when coupled with the other factors present—extensive discovery, seeking affirmative action by the trial court, and participating in court-ordered mediation—the over three and one-half years of litigation is a fact that also tends to demonstrate that Gutierrez intended to substantially invoke the judicial process and intended to relinquish his right to seek dismissal under section 150.002. *Perry Homes*, 258 S.W.3d at 590–91 (noting that length of time party waited to file motion to compel arbitration and length of time and money expended in discovery are factors that demonstrate waiver of right to compel arbitration).

18

**6.     The totality of the factors in this case**

In this case, considering the totality of the circumstances and the factors discussed above that show Gutierrez's intention to litigate this case, we conclude and hold that Gutierrez substantially invoked the judicial process and that he waived his right to pursue dismissal of the Murphys' claims under section 150.002.  Therefore, the trial court abused its discretion by granting Gutierrez's section 150.002 motion to dismiss.  We sustain the Murphys' first issue.

## IV. CONCLUSION

Having sustained a part of the Murphys' first issue, we need not address the remainder of their first issue pertaining to laches.  We also need not address their second issue.  Accordingly, we reverse the trial court's order dismissing the Murphys' claims and remand the case for further proceedings consistent with this opinion.


BILL MEIER
JUSTICE

PANEL:  GARDNER, MEIER, and GABRIEL, JJ.

DELIVERED:  July 12, 2012

19